**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NORTHBROOK PARK DISTRICT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MR. DAVID'S FLOORING INTERNATIONAL, LLC, DIVERZIFY+ LLC f/k/a MR. DAVID'S FLOORING INTERNATIONAL, LLC, PCI FLORTECH INC., VORTEX COMMERCIAL FLOORING, INC., CONSOLIDATED CARPET ASSOCIATES, LLC, COMMERCIAL CARPET CONSULTANTS, INC., MICHAEL P. GANNON, DELMAR E. CHURCH, JR., ROBERT A. PATREY, JR., and KENNETH R. SMITH,<br><br>Defendants. | Civil Action No. 20-cv-07538<br><br>Hon. Robert M. Dow, Jr. |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE TO THE CLASS**

Having fully considered Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. The Motion is hereby GRANTED.

2. Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement ("Agreement"), attached to Plaintiff's Memorandum of Law in support of the Motion as Exhibit 1.

Preliminary Approval of Settlement Agreement

3. The terms of the Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that the Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Agreement should be given to members of the proposed Settlement Class.

Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All persons and entities in the State of Illinois who received bids from two or more of the Defendants or their alleged co-conspirators and purchased Commercial Flooring Products and Other Associated Services from one or more of the Defendants or their alleged co-conspirators from at least January 1, 2009 through December 18, 2020.
>
> Specifically excluded from this Class are Defendants, their officers, directors or employees, any entity in which a Defendant has a controlling interest and any affiliate, legal representative, and heir or assign of a Defendant. Also excluded from this Class are any judicial officers presiding over this action and the members of the judicial officer's immediate family and staff.

5. The Court finds that provisional certification of the Settlement Class is warranted in light of the Agreement because: (i) the Settlement Class is so numerous that joinder is impracticable; (ii) there are questions of law or fact common to the Settlement Class; (iii) Plaintiff's claims, as the class representative, are typical of the Settlement Class; (iv) Plaintiff and the Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (v) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiff's interests are aligned with

the interests of all other members of the Settlement Class and that settlement of this action on a class basis is superior to other means of resolving the matter.

Appointment of Class Representative and Settlement Class Counsel

6. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC and The Bruno Firm, LLC to serve as Interim Co-Lead Counsel for the Settlement Class ("Settlement Class Counsel") having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

7. The Court hereby appoints Plaintiff Northbrook Park District to serve as class representative of the Settlement Class.

Notice to Potential Settlement Class Members

8. The Court appoints Settlement Services, Inc. as the Settlement Administrator (the "Settlement Administrator"), who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

9. The Court approves the form and content of the: (i) Notice of Proposed Class Action Settlement, attached to the Settlement Agreement as Exhibit C; (ii) Summary Notice of the Proposed Class Action Settlement, attached to the Settlement Agreement as Exhibit D; and (iii) U.S. Mail Notice of Proposed Class Action Settlement and Claim Form, attached to the Settlement Agreement as Exhibit E.

10. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitutes the best practicable means available under the circumstances and is valid, due and sufficient notice to all persons and entities thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the Notice and

Summary Notice are reasonably calculated, under the circumstances, to apprise the Settlement Class: (i) of the nature of the Litigation, including the claims asserted and the proposed definition of the class; (ii) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (iii) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; and (iv) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he/she/it desires, enter an appearance personally or through counsel. Additionally, the Court finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11. By February 23, 2022, Defendants shall provide to Settlement Class Counsel, in a computer readable format, and if not reasonably available in computer readable format, then in mailing label format if available or other format, the names and addresses of the members of the Settlement Class, to the extent they are identifiable through reasonable efforts.

12. By March 2, 2022, each Settling Defendant shall pay or cause to be paid that Settling Defendant's Settlement Amount by wire transfer to the Escrow Agent for the purpose of maintaining the Settlement Fund in an escrow account held by the administrator in trust for the benefit of the Settlement Class.

13. By March 11, 2022, the initial Notice and Claim Form, in substantially the same form as Exhibit E to the Settlement Agreement, shall be mailed by first class mail, postage prepaid, to all members of the Settlement Class identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice provided for herein. In addition, copies of the Notice shall be posted on the Internet at the following website that is dedicated to this litigation: www.commercialflooringantitrustsettlement.com.

14. By March 25, 2022, Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit D to the Settlement Agreement, to be published in one edition of *The Chicago Tribune*.

15. By April 8, 2022, Settlement Class Counsel shall file with the Court its motion and memorandum in support of an award for attorneys' fees and reimbursement of expenses.

16. The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Settlement Agreement as Exhibit E.

17. Any Settlement Class member who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be submitted electronically or postmarked to the Settlement Administrator on or before May 10, 2022, which represents sixty (60) days from the provision of initial Notice. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

18. All requests for exclusion from the Settlement Class must be in writing, served by mail postmarked to Settlement Class Counsel and Settling Defendants' Counsel on or before May 10, 2022, which represents sixty (60) days from the provision of initial Notice, and shall otherwise comply with the requirements set forth in the Notice.

19. Any Person seeking exclusion from the Settlement Class must mail a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Notice. A Request for Exclusion must be in writing, signed by the Person or his, her, or its

authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all transactions (including the amounts of those purchases) in which the Person, during the period of January 1, 2009 through December 18, 2020, purchased Commercial Flooring Products and Other Associated Services from one or more of the Defendants or their alleged co-conspirators (or any controlled subsidiary, affiliate, or joint venture) after receiving bids to provide Commercial Flooring Products and Other Associated Services from two or more of the Defendants or their alleged co-conspirators (or any controlled subsidiary, affiliate, or joint venture) over the class period, unless that information is not within the Person's possession, custody, or control; and include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in *Northbrook Park District v. Mr. David's Flooring International, LLC, et al.*" Any Person who fails to timely submit a Request for Exclusion in the manner prescribed herein shall be deemed to have waived his, her, or its right to be excluded from the Settlement and will forever be barred, unless otherwise excused for good cause shown, as determined by the Court.

20. All objections of Settlement Class members must be in writing, served by mail postmarked to Settlement Class Counsel and Settling Defendants' Counsel on or before May 10, 2022, which represents sixty (60) days from the provision of initial Notice, and shall otherwise comply with the requirements set forth in the Notice.

21. Any Person who has not requested exclusion from the Settlement Class and who objects to the Settlement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant, subject to further order by the Court. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and

considered by the Court, unless such Person properly submits a written objection sent to Settlement Class Counsel and Settling Defendants' Counsel that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Any Person who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

22. By June 8, 2022, which represents fourteen (14) days before the Fairness Hearing, Settlement Class Counsel shall file with the Court its motion and supporting memorandum for final approval of the Agreement.

23. Settlement Class Counsel's papers in support of final approval of the Agreement shall include a declaration attesting to: (i) the completion of Notice, including sending Notice to Settlement Class Members identified by Defendants and publication of the Summary Notice; and (ii) the number of valid claims, requests for exclusion and objections. Additionally, Settlement Class Counsel's papers in support of final approval of the Agreement shall include responses to any objections and a list of the individual members of the Settlement Class seeking to be excluded. There shall be no replies from objectors.

24. The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving

rise to the Litigation and/or the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (iii) attempting to effect opt outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims. This Order is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

25. A hearing to determine (i) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (ii) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 2303, commencing on June 22, 2022, at 9:00 a.m. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing.

26. The Court plans to hold the Fairness Hearing telephonically, with participants using a dial-in number of 877-336-1829 and a conference access code of 6963747. The Fairness Hearing's date, time and telephonic call-in information will be posted on Settlement Class Counsel's Internet website for this Litigation, www.commercialflooringantitrustsettlement.com.

27. The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket and Settlement Class Counsel will post the information on Internet website for this Litigation, www.commercialflooringantitrustsettlement.com.

Other Provisions

28. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Agreement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (ii) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

29. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

30. The Court approves the establishment of an escrow account under the Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, tax expenses and settlement administration costs. The Huntington National Bank is hereby appointed as Escrow Agent for the Settlement Fund.

31. Defendants shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), by no later than June 8, 2022, which represents fourteen (14) days before the Fairness Hearing. The Court finds that Defendants may satisfy the notice requirements of CAFA by delivering an appropriate notice of this Settlement to the United States Attorney General and the Attorneys General of the 50 states.

32. All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

**IT IS SO ORDERED:**

Dated: February 23, 2022

The Honorable Robert M. Dow,
United States District Court Judge,
Northern District of Illinois,
Eastern Division