IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHBROOK PARK DISTRICT, on behalf of itself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 20-cv-07538 |
| v. | |
| MR. DAVID'S FLOORING INTERNATIONAL, LLC, DIVERZIFY+ LLC f/k/a MR. DAVID'S FLOORING INTERNATIONAL, LLC, PCI FLORTECH INC., VORTEX COMMERCIAL FLOORING, INC., CONSOLIDATED CARPET ASSOCIATES, LLC, COMMERCIAL CARPET CONSULTANTS, INC., MICHAEL P. GANNON, DELMAR E. CHURCH, JR., ROBERT A. PATREY, JR., and KENNETH R. SMITH, | Hon. Robert M. Dow, Jr. |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARD**

WHEREAS, this matter comes before the Court on Plaintiff's Motion for Approval of Attorneys' Fees, Reimbursement of Expenses and Class Representative Service Award (the "Motion");

WHEREAS, the Court, having fully considered: (i) the Settlement Agreement, dated January 21, 2022 (Dkt. No. 77-1 at 1-40); (ii) the Court's February 23, 2022 Preliminary Approval Order (Dkt. No. 80); (iii) Plaintiff's Motion for Approval of Attorneys' Fees, Reimbursement of Expenses and Class Representative Service Award and accompanying Memorandum of Law (Dkt. Nos. 84-85); (iv) the supporting Joint Declaration of Interim Co-Lead Counsel ("Class Counsel") (Dkt. No. 85-1); and (v) all other papers and proceedings herein;

WHEREAS, the Court held a Fairness Hearing and hearing on Plaintiff's Motion for Approval of Attorneys' Fees, Reimbursement of Expenses and Class Representative Service Award on August 26, 2022;

WHEREAS, having fully considered the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the parties' Settlement, unless otherwise defined herein.

### Award of Attorneys' Fees

2. Upon review of the record, the Court finds that Class Counsel's requested award of attorneys' fees in the amount 32.5% of the cash Settlement Fund of $1.73 million created by the Settlement, which is equivalent to a fee award of $561,442.95, is within the range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent.

3. The percentage-of-recovery method for calculating attorneys' fees is appropriate in this action, as the Seventh Circuit expressly prefers that method in determining the award of attorneys' fees in class action common fund cases.

4. While a lodestar cross-check is not required in the Seventh Circuit, such a check supports the reasonableness of the fee award. As of March 31, 2022, Class Counsel had already spent at least 923 hours investigating and litigating the action, producing a total lodestar amount of $702,860 based on each firm's standard historical hourly rates. *See* Joint Declaration of Class Counsel ("Class Counsel Decl."), Dkt. No. 85-1 at ¶40. Thus, a fee award of 32.5% of the Settlement Fund generates a negative multiplier of approximately 0.799 of Class Counsel's total lodestar. This lodestar cross-check multiplier is consistent with and below lodestar multipliers that courts in this Circuit have found to be reasonable in comparable class action common fund cases.

5.  The Court-approved notices of settlement that were disseminated to the Settlement Class informed Settlement Class Members that Class Counsel would seek a fee award up to one-third (33.33%) of the Settlement Fund in addition to reimbursement of expenses and a $25,000 class representative service award. Dkt. No. 77-1 at 81.

6.  Accordingly, Class Counsel's request for an award of 32.5% of the $1.73 million cash value of the Settlement, which is equivalent to a fee award of $561,442.95, is reasonable and is granted.

## Reimbursement of Expenses

7.  The Court finds that reimbursement of Class Counsel's reasonably incurred expenses should be granted.

8.  From the inception of the litigation, Class Counsel have incurred $20,502.68 in unreimbursed litigation out-of-pocket expenses as well as class notice and administration costs. Class Counsel Decl., Dkt. No. 85-1 at ¶43. These collective expenses were reasonably incurred and expended for the direct benefit of the Settlement Class, and should therefore be reimbursed.

9.  Accordingly, Class Counsel's request for reimbursement of litigation expenses in the amount of $20,502.68 is granted.

## Service Award to the Sole Class Representative

10. The Court finds that Class Counsel's request for a service award to Plaintiff as the sole class representative in the amount of $25,000 is reasonable and appropriate.

11. Plaintiff, as the sole class representative on behalf of the Settlement Class, has expended considerable time and effort to aid in the investigation and prosecution of this case, including: (i) consulting with Class Counsel and providing relevant facts and documents about its commercial flooring project experiences as part of the initial case investigation and to prepare the

initial and amended complaints; (ii) holding Board meetings to discuss the litigation and the terms of the proposed Settlement; (iii) gathering various documents and information at Class Counsel's request; (iv) meeting telephonically and over videoconferencing with its outside corporate counsel and Class Counsel to address numerous factual and legal issues pertaining to the case; and (v) reviewing and approving the parties' Settlement Agreement. *See* Class Counsel Decl., Dkt. No. 85-1 at ¶61.

12. Accordingly, in light of the significant time, effort and resources invested by Plaintiff in this matter, Class Counsel's request for a service award of $25,000 for Plaintiff is reasonable, appropriate and is granted.

### The Court Retains Jurisdiction

13. Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

**IT IS SO ORDERED:**

Dated: 8/26/2022

The Honorable Robert M. Dow,
United States District Court Judge,
Northern District of Illinois,
Eastern Division