IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHBROOK PARK DISTRICT, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. DAVID'S FLOORING INTERNATIONAL, LLC, DIVERZIFY+ LLC f/k/a MR. DAVID'S FLOORING INTERNATIONAL, LLC, PCI FLORTECH INC., VORTEX COMMERCIAL FLOORING, INC., CONSOLIDATED CARPET ASSOCIATES, LLC, COMMERCIAL CARPET CONSULTANTS, INC., MICHAEL P. GANNON, DELMAR E. CHURCH, JR., ROBERT A. PATREY, JR., and KENNETH R. SMITH,<br><br>    Defendants. | Civil Action No. 20-cv-07538<br><br>Hon. Robert M. Dow, Jr. |

**ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT WITH ALL DEFENDANTS**

This matter came before the Court pursuant to the Order Granting Preliminary Approval of Proposed Settlement and Authorizing Dissemination of Notice to the Class ("Preliminary Approval Order"), entered February 23, 2022 (ECF No. 80), and on Motion for Final Approval of Proposed Settlement as set forth in the Stipulation and Agreement of Settlement, dated January 21, 2022, (the "Agreement"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Due and adequate notice having been given to the Settlement Class (defined below) as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the pending matters and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. This Court has jurisdiction over the subject matter of the Action and over all settling parties in the Action, including all members of the Settlement Class.

3. Except as otherwise provided below, all capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given them in the Agreement.

4. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities in the State of Illinois who received bids from two or more of the Defendants or their alleged co-conspirators and purchased Commercial Flooring Products and Other Associated Services from one or more of the Defendants or their alleged co-conspirators from at least January 1, 2009 through December 18, 2020. Excluded from the Settlement Class are: Defendants, their officers, directors or employees, any entity in which a Defendant has a controlling interest and any affiliate, legal representative, and heir or assign of a Defendant. Also excluded from this Class are any judicial officers presiding over this action and the members of the judicial officer's immediate family and staff.

5. For clarification purposes, federal government entities and instrumentalities are also excluded from the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally appoints Plaintiff Northbrook Park District to serve as class representative of the Settlement Class and the law firms of Freed Kanner London & Millen LLC and The Bruno Firm, LLC to serve as Co-Lead Counsel for the Settlement Class ("Settlement Class Counsel").

7. The Court finds that provisional certification of the Settlement Class is warranted in light of the Agreement because: (i) the Settlement Class is so numerous that joinder is impracticable; (ii) there are questions of law or fact common to the Settlement Class; (iii) Plaintiff's claims, as the class representative, are typical of the Settlement Class; (iv) Plaintiff and the Settlement Class Counsel will fairly and adequately represent the Settlement Class; and (v) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiff's interests are aligned with the interests of all other members of the Settlement Class and that settlement of this action on a class basis is superior to other means of resolving the matter.

8. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves the Settlement set forth in the Agreement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and finds that: (a) the class representative and Settlement Class Counsel have adequately represented the Settlement Class; (b) the proposal has been negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) has been so identified; and (d) the proposed plan of allocation treats Settlement Class Members equitably relative to each other.

9. The Court herby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. The Court hereby dismisses with prejudice the action against the Settling Defendants: Mr. David's Flooring International, LLC, Diverzify+ LLC, PCI Flortech, Inc., Vortex Commercial Flooring, Inc., Consolidated Carpet Associates, LLC, Commercial Carpet Consultants, Inc., Michael P. Gannon, Delmar E. Church, Jr., Robert A. Patrey, Jr., and Kenneth R. Smith, with each party to bear their own costs and fees, except as provided in the Agreement.

11. The Releasing Parties are hereby and forever barred from commencing or continuing against the Released Parties any of the Released Claims as the foregoing capitalized terms are set forth and defined in the Agreement.

12. The Released Parties are hereby and forever released from all Released Claims as defined in the Agreement.

13. Upon the Effective Date, claims by (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action against the Released Parties for contribution or indemnification (however, denominated) for all or a portion of any amounts paid or awarded in the Action by way of Settlement, judgment or otherwise, are barred. Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a member of the Settlement Class against any Person subject to this bar order shall be reduced as provided by applicable law. This paragraph shall not be construed to modify, amend, or supersede any agreements between or among Defendants with respect to claims between or among those Defendants, including, without limitation, any claims for contractual or other indemnification

rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to the Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action.

14. The Court finds that the mailing and publication of the Notice, Summary Notice, and proof of claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed plan of allocation for the proceeds of the Settlement, of Settlement Class Counsel's request for payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

15. There have been zero (0) objections to the Settlement and zero (0) requests to opt out or to be excluded from the Settlement Class.

16. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Agreement, the Released Claims contained therein, and this Order (and the related Final Judgment) with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from any Settlement Fund.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution

of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action and any dispute related to the allocation of attorneys' fees; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement. For the avoidance of doubt, the award of any attorneys' fees, costs, or expenses to Settlement Class Counsel, including any appeals therefrom, shall not affect the finality of this Judgment or delay the Effective Date of the Settlement.

18. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then the Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

19. There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal. The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Federal Rule of Civil Procedure 54(b) forthwith.

**IT IS SO ORDERED:**

Dated: 8/26/2022

_____
The Honorable Robert M. Dow,
United States District Court Judge,
Northern District of Illinois,
Eastern Division